

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*1007 N.Orange Street, Suite 700*      *(302) 573-6277*
*P.O. Box 2046*                         *FAX (302) 573-6220*
*Wilmington, Delaware 19899-2046*       *TTY (302) 573- 6274*
                                        *Toll Free (888) 293-8162*

July 17, 2006

<u>VIA E-FILING</u>

The Honorable Joseph J. Farnan, Jr.
J. Caleb Boggs Federal Building
844 N. King Street
Room 4124
Lockbox 27
Wilmington, DE 19801

      Re:    <u>United States v. Tulli, No. 06-253-JJF (D. Del.)</u>

Dear Judge Farnan:

    I am pleased to report that the parties to the above-referenced action have agreed to a settlement. Enclosed for the Court's consideration is (1) a proposed Stipulation and Consent Order that has been executed by the parties; and (2) a proposed Order and Final Judgment.

    I am available at the call of the Court to address any questions or concerns.

                              Respectfully,

                              COLM F. CONNOLLY
                              United States Attorney


                    By:  <u>/s/ Seth M. Beausang</u>
                        Seth M. Beausang (I.D. No. 4071)
                        Assistant United States Attorney

Encls.
cc:    John V. Tulli, pro se (By First-Class Mail, with enclosures)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-253-JJF |
| JOHN V. TULLI, | : |
| Defendant. | : |

**STIPULATION AND CONSENT ORDER**

COMES NOW, the United States of America ("Plaintiff"), by its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Seth M. Beausang, Assistant United States Attorney, and John V. Tulli ("Defendant"), acting pro se, who state the following:

WHEREAS, on April 18, 2006, Plaintiff brought this action against Defendant pursuant to the False Claims Act, 31 U.S.C. § 3729, et seq., and in equity; and

WHEREAS, Plaintiff generally alleges that Defendant fraudulently obtained unemployment insurance benefits from the U.S. Railroad Retirement Board, a federal agency; and

WHEREAS, the Railroad Unemployment Insurance Act, as amended, 45 U.S.C. § 351, et seq., provides benefits for unemployed railroad workers ("the UI program"); and

WHEREAS, daily UI program benefits are paid to unemployed railroad workers who are ready, willing, and able to work on each claimed date; and

WHEREAS, UI program benefits generally cannot be claimed or paid for any date on which the claimant worked and accrued or received compensation from any employer, including

compensation in the form of wages, holiday pay, vacation pay, pay for time lost and any other type of remuneration, see 45 U.S.C. § 351(k); and

WHEREAS, UI program benefits also cannot be claimed or paid for any of the seventy-five (75) days beginning with the first day of any registration period with respect to which a claimant has knowingly made any false or fraudulent statement or claim for the purpose of causing benefits to be paid, see 45 U.S.C. § 354(a-1)(i); and

WHEREAS, Plaintiff alleges that during twelve (12) claim periods beginning on or about April 5, 2002, until the two (2)-week claim period beginning with September 6, 2002, Defendant applied for and received UI program benefits for seventy (70) days on which he was employed and for which he received wages; and

WHEREAS, Plaintiff alleges that Defendant was not eligible to receive UI program benefits for those seventy (70) days because he was employed by, among others, Kvaerner Shipyards, Deco Crete Incorporated and Walmart Stores Incorporated on those days and receiving wages for his employment; and

WHEREAS, Plaintiff alleges that Defendant knew that he was not eligible to receive UI program benefits for days that he was employed; and

WHEREAS, Plaintiff alleges that, as a result of the aforementioned alleged fraudulent conduct, Defendant is liable to Plaintiff pursuant to the False Claims Act for as much as (1) three times the total amount of damages sustained by Plaintiff because of the acts complained of in this Court; (2) a civil penalty of not less than $5,000 and not more than $10,000 for each false claim made by the Defendant; (3) costs of this action; and (4) such other and further relief as the Court shall deem proper; and

WHEREAS, Plaintiff alleges that, as a result of the aforementioned alleged fraudulent conduct, Defendant is liable to Plaintiff for unjust enrichment in an amount equal to (1) the gain to Defendant as a result of the activities complained of; (2) interest according to law; (3) costs of this action; and (4) such other and further relief as the Court shall deem proper; and

WHEREAS, Defendant has not answered or otherwise responded to the Complaint; and

WHEREAS, Defendant desires to resolve this matter and, accordingly, consents to the Court entering judgment against him as described below;

NOW, THEREFORE, it is stipulated by and between Plaintiff and Defendant that the Court will enter an Order and Final Judgment providing as follows:

1.  Final judgment shall be entered for Plaintiff and against Defendant in an amount equal to $8,030.00, which is comprised of:

    a.  $3,544.00, representing the total amount of UI program benefits that Plaintiff paid to Defendant for the seventy (70) days that Defendant was working and accruing or receiving compensation from, among others, Kvaerner Shipyards, Deco Crete Incorporated and Walmart Stores Incorporated; and

    b.  $4,486.00, representing the total amount of UI program benefits that Plaintiff paid to Defendant but that Defendant was not entitled to because benefits cannot be claimed or paid for any of the seventy-five (75) days beginning with the first day of any registration period with respect to which a claimant has knowingly made any false or fraudulent statement or claim for the purpose of causing benefits to be paid.

IT IS SO STIPULATED AND ORDERED:

DATED: June ____, 2006.

DATED: June 30, 2006                DATED: ~~June~~ July 17, 2006

                                    COLM F. CONNOLLY
                                    United States Attorney

By: /s/ John V. Tulli               By: /s/ Seth M. Beausang
John V. Tulli, pro se               Seth M. Beausang (De. I.D. No. 4071)
11424 Abbey's Way                   Assistant United States Attorney
Bridgeville, Delaware 19933         The Nemours Building
                                    1007 Orange Street, Suite 700
                                    Wilmington, Delaware 19801
                                    (302) 573-6277
                                    seth.beausang@usdoj.gov

BY THE COURT:

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-253-JJF |
| JOHN V. TULLI, | : |
| Defendant. | : |

**ORDER AND FINAL JUDGMENT**

AND NOW, this ____ day of _____, 2006, the United States of America ("Plaintiff"), by its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Seth M. Beausang, Assistant United States Attorney, and John V. Tulli ("Defendant"), having entered into a stipulation, and the Court having entered an Order consistent therewith, it is hereby ORDERED that judgment is entered in favor of Plaintiff and against Defendant in an amount equal to $8,030.00.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE